IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KB INTERNATIONAL, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2518 |
| | § | |
| MAX M. HOLMES, d/b/a | § | |
| GEO-TECH PRODUCTS, | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This patent infringement case is before the Court on the Motion for Partial Summary Judgment [Doc. # 23] filed by Plaintiff KB International, LLC ("KB") seeking summary judgment on Defendant Max M. Holmes d/b/a Geo-Tech Products' counterclaims which seek a declaration of invalidity or unenforceability as to each patent in issue in this case. Defendant filed a response in opposition to Plaintiff's Motion [Doc. # 28], and Plaintiff filed a reply [Doc. # 30, Attachment # 2]. Based on the Court's review of the full record in this case, and the application of governing legal authorities, the Court concludes that Plaintiff's Motion should be granted.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

The basic facts material to Plaintiff's motion are undisputed. Plaintiff is the owner of United States Patent Nos. 5,407,909 ("the '909 Patent"), 5,663,123 ("the '123 Patent"), and 6,248,697 ("the '697 Patent"), referred to herein as the patents-in-

suit. All relate to polymeric earth stabilization products and methods for their use. Defendant Max Holmes, a former employee of KB Technologies, Ltd., Plaintiff's predecessor, is one of the inventors of each of the patents-in-suit. He assigned his rights in the subject matter of the patents to Plaintiff's predecessor, which then assigned them to Plaintiff.

Defendant Holmes later formed a company called Geo-Tech Products. Through the new company, Holmes sells products that KB alleges infringe the patents-in-suit. KB filed this patent infringement suit against Holmes d/b/a Geo-Tech Products, and Holmes filed counterclaims challenging the validity and enforceability of the patents-in-suit. In response to Holmes's counterclaims, KB has asserted the affirmative defense of assignor estoppel.

## II.   ANALYSIS

Plaintiff seeks summary judgment on Defendant's counterclaims challenging the validity and enforceability of the patents-in-suit, including the allegations of inequitable conduct. Plaintiff argues that assignor estoppel bars Defendant's attempt to challenge the patents in this case.

### A.   Summary Judgment Standard

"Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Syntex*

*(U.S.A.) LLC v. Apotex, Inc.*, 407 F.3d 1371, 1377 (Fed. Cir. 2005) (citing FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). Summary judgment may be granted where there is "an absence of any actual dispute as to factual inferences which would have a material impact on the entitlement of the summary judgment movant to judgment as a matter of law." *See Lemelson v. TRW, Inc.*, 760 F.2d 1254, 1260 (Fed. Cir. 1985). "A material fact is one that may affect the decision, whereby the finding of that fact is relevant and necessary to the proceedings." *Opryland USA Inc. v. Great American Music Show, Inc.*, 970 F.2d 847, 849-50 (Fed. Cir. 1992). "Summary judgment may properly be granted on questions of fact when no reasonable jury could reach a contrary verdict, even after drawing all reasonable factual inferences in favor of the non-movant." *Hoffer v. Microsoft Corp.*, 405 F.3d 1326, 1328 (Fed. Cir. 2005).

**B.  Assignor Estoppel**

KB argues that because Holmes assigned his rights in the patents-in-suit for valuable consideration and signed certain relevant documents filed with the United States Patent and Trademark Office ("USPTO"), assignor estoppel bars his counterclaims challenging the patents-in-suit. "Assignor estoppel is an equitable doctrine that prevents one who has assigned the rights to a patent (or patent application) from later contending that what was assigned is a nullity. The estoppel

also operates to bar other parties in privity with the assignor, such as a corporation founded by the assignor."[1] *Carroll Touch, Inc. v. Electro Mechanical Systems, Inc.*, 15 F.3d 1573, 1579 (Fed. Cir. 1993) (quoting *Diamond Scientific Co. v. Ambico, Inc.*, 848 F.2d 1220, 1224 (Fed. Cir.), *cert. dismissed*, 487 U.S. 1265 (1988)).[2]  The decision whether an assignor is estopped to challenge the validity of a patent is within the district court's discretion. *Carroll Touch*, 15 F.3d at 1579. The Court's analysis is concerned with the balance of equities between the parties. *Diamond Scientific*, 848 F.2d at 1225.

When the assignor has signed documents in connection with the patent application, thereby attesting to his belief in the validity of the patents, and has assigned his rights for valuable consideration, he cannot defend against allegations of patent infringement by claiming that what he assigned was invalid and worthless. *Id.* at 1226. In this case, it is undisputed that Holmes executed assignments of his rights in the patents-in-suit.[3] It is also undisputed that Holmes submitted his Declaration with the patent applications, signed under penalty of perjury, declaring

---

[1] Holmes does not dispute that he and his company, Geo-Tech Products, are in privity.

[2] Assignor estoppel bars only the assignor and those in privity with the assignor. The validity of the patent remains subject to challenge by any other party. *See Diamond Scientific*, 848 F.2d at 1222.

[3] It is also undisputed that Holmes executed an assignment of his rights in an abandoned patent application, referred to as the '441 patent application, a priority application to the patents-in-suit.

himself to be the original and first inventor of the patent application's subject matter and acknowledging his duty to disclose to the USPTO all information material to the patent applications. The Declarations and the assignments were filed with the USPTO.

Holmes argues that assignor estoppel should not apply because he did not receive adequate consideration for the assignments. Initially, assignor estoppel applies where the assignor receives "valuable" consideration. Additionally, employment with the attendant salary and other compensation constitutes valid consideration for an assignment. *See Shamrock Technologies, Inc. v. Medical Sterilization, Inc.*, 903 F.2d 789, 794 (Fed. Cir. 1990); *see also Carroll Touch*, 15 F.3d at 1581. Most importantly, however, Holmes signed the assignments specifically acknowledging that he received "good and valuable consideration" and that the consideration was sufficient and adequate. He cannot now be heard to question what he has already acknowledged. *See id.*; *Shamrock Technologies*, 903 F.2d at 795.

"Due to the intrinsic unfairness in allowing an assignor to challenge the validity of the patent it assigned, the implicit representation of validity contained in an assignment of a patent for value raises the presumption that an estoppel will apply." *Mentor Graphics Corp. v. Quickturn Design Systems, Inc.*, 150 F.3d 1374,

1378 (Fed. Cir. 1998). The presumption can be overcome only in exceptional circumstances, "such as an express reservation by the assignor of the right to challenge the validity of the patent or an express waiver by the assignee of the right to assert assignor estoppel." *Id.* It is undisputed that there is no express reservation or express waiver in the assignments. As a result, Holmes has failed to overcome the presumption that assignor estoppel bars his counterclaims challenging the validity and enforceability of the patents-in-suit.[4]

### C.  Request for Rule 56(f) Relief

Holmes raises a number of factual issues that are in dispute and seeks discovery under Rule 56(f). Rule 56(f) of the Federal Rules of Civil Procedure permits a district court, upon a proper showing by the party seeking Rule 56(f) relief, to delay consideration of a motion for summary judgment pending additional discovery. FED. R. CIV. P. 56(f); *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1441 (5th Cir. 1993). "In order to obtain a continuance of a motion for summary judgment for discovery purposes, a party must set forth some statement to the court indicating why additional discovery is necessary and 'how additional discovery will create a genuine

---

[4]  Assignor estoppel does not affect Holmes's ability to argue and present evidence that he, through his company, is not infringing the patents-in-suit. If appropriate, Holmes can present evidence regarding any prior art for the sole purpose of construing and narrowing the claims of the patents-in-suit in order to show that his conduct falls outside the proper scope of the claims and, therefore, his conduct is non-infringing. *See Diamond Scientific*, 848 F.2d at 1222.

issue of material fact.'" *Canady v. Bossier Parish School Bd.*, 240 F.3d 437, 445 (5th Cir. 2001) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1395 (5th Cir. 1994)). District courts have considerable discretion in ruling on motions to suspend summary judgment pending discovery. *See In re Segerstrom*, 247 F.3d 218, 228 n.9 (5th Cir. 2001) (citing *Stearns Airport Equip. Co., Inc. v. FMC Corp.,* 170 F.3d 518, 534-35 (5th Cir. 1999)).

In this case, Holmes has not shown how additional discovery will create a genuine issue of material fact. As is discussed above, the fact issue regarding the adequacy of the consideration he received for the assignments is not material to the assignor estoppel analysis. Similarly, the circumstances surrounding his employment and the termination of his employment with Plaintiff's predecessor, however unflattering those circumstances may be to Plaintiff, are not material to whether Holmes assigned his rights in the patents-in-suit for valuable consideration and executed and filed with the USPTO documents attesting to his belief in the validity of the patents such that assignor estoppel bars his counterclaims.[5]

---

[5] Even if these matters were material, Holmes is in a position to know without further discovery what consideration he received and what the circumstances were regarding his own employment by and termination from Plaintiff's predecessor.

Holmes also asserts that a fact issue exists regarding whether the individuals listed as co-inventors on the patent applications are actually co-inventors. Holmes's attempt to raise a fact dispute by questioning statements he made under oath to the USPTO in connection with the patent applications is without merit. Initially, whether Holmes was misled regarding inventorship is a challenge to the viability of the patent application, not to the validity of the assignment and, as a result, is not material to the assignor estoppel issue. *See Shamrock Technologies*, 903 F.2d at 794. Additionally, a party cannot be permitted to avoid assignor estoppel, an equitable doctrine, by making statements that are inconsistent with his prior statements under oath. "Where, as here, mere allegations made in support of an inequitable conduct defense are directly contradicted by the assignor-inventor's statements made in his declaration, . . . the equitable doctrine of assignor estoppel bars its assertion." *Id.* at 795.

The fact issues on which Holmes relies to seek additional discovery under Rule 56(f) are not material and, accordingly, cannot support the relief he requests.

### III. CONCLUSION AND ORDER

It is undisputed that Defendant signed documents in connection with the prosecution of the patents-in-suit attesting to his belief in the validity of the patents, and that he assigned the patent rights to Plaintiff for valuable consideration. As a

result, Defendant is estopped to challenge the validity of the patents-in-suit, and it is hereby

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. # 23] is **GRANTED**.

SIGNED at Houston, Texas, this 1st day of **July, 2005**.

_____
Nancy F. Atlas
United States District Judge